Curia, per EvaNS, J.
— Some of the grounds of appeal are predicated on facts which do not appear in the report, and some were not argued. Only two questions ugére made in this Court, and these only will be considered. The first is, that the Circuit Court erred in charging the jury that'an arrest is a manucaption, or actual laying on of hands. To understand this ground and its relevancy to the .case, some preliminary statement must be made.- The defendant was an applicant for the benefit of the Act of 1759, for the relief of insolvent debtors. His application was resisted on many grounds, and among others, that he had been'without the prison walls after his arrest and before he gave his bond to keep the bounds, as provided for by the 7th section of the Act of 1788. The bond is dated on the 12th of December, but was probably not delivered until the 14th, on which day the arrest is entered on the ca. sa. and the bond marked as filed. The plaintiff contends that an arrest was, in fact, made on the 11th, and if so, then, as he never was in confinement, the defendant was without the prison walls after his arrest, and before his bond to keep the bounds was given. So that the question to be solved by the jury was, whether there was an arrest on Monday the 11th. The Circuit Judge reports that it was submitted to the jury to decide whether the defendant was at large after the arrest and before the delivery of the bond. This question the jury, by their verdict, have answered in the negative. But the plaintiff’s counsel objects to the conclusiveness of the verdict by his first ground of appeal, that there was misdirection by the Circuit Court, as to what constitutes an arrest. The Circuit Judge reports that he told the jury that to constitute an arrest, there must be some corporal touching — some physical detention of the person. This is very nearly in the words of Blackstone, who says there must be some corporal seizing or touching of the body; and to the same effect are the definitions of other elementary writers, and the Lexicographers.
Webster defines arrest to be, — to take, to seize, to apprehend by virtue of a warrant. These words do not necessarily import the use of physical force. If the defendant resist the arrest, then there must be some corporal touching of the body to make the arrest complete. But if the defendant submit, there is no more necessity to touch his body, than to knock him down or to tie him, both of which may be done if his *6 resistance make them necessary. He who submits himself to the will of another, or obeys when he is commanded, puts both his free will and his person under the power and subject to the control of that other ; and without any abuse of words, or any strained construction, ho may be said to be under physical detention or constraint. But admitting that the definition of aurest, as given at the Circuit Court, was a little too narrow, and only embraced those arrests where the defendant does not submit, there is no reason to believe the jury were misled by it. When the defendant told Jones that he had beeft arrested, and the sheriff had allowed him two or three days to gdt a bond, he could have meant nothing more than what was stated by Hawthorn, the deputy, that when he told the defendant that there was a ca. sa. in the office, he requested him to let it stand a few days until he could get the bond, and he would acknowledge an arrest when he brought the bond. The deputy said expressly he did not consider it any arrest until the bond was given.— This was carried out afterwards by indorsing an arrest when the bond was lodged in the office. Hawthorn was certainly the best judge whether he had arrested the defendant; he expressly denies that any was made on Monday, and if so the defendant had a right to be at large until the bond was given, when, by the arrangement between him and the deputy sheriff, he was to be considered as under arrest.
The next and only remaining ground which I propose to notice, is the sixth, which complains of the admission of pa-rol evidence to vary the sheriff's official entries on the ca.sa. and bond. This ground seems to have been taken somewhat at random. I do not perceive that any parol evidence was admitted for these purposes. The real objection, as I understand it, is the admissibility of parol evidence as to the time when the bond was delivered. This was said to be at a day subsequent to the date. The rule is, that a written contract, that is, the obligatory part of it, what the party undertook to do or perform, shall not be varied by parol evidence. But the date is no part of the contract. A deed is no deed until it is delivered, and if the time of delivery be important, the true time may be shown, although it may be different from that set out in the writing, without a violation of any legal principie.
The motion is, therefore, dismissed.
The whole Court concurred.

Motion refused.